O’Neall, J.
delivered the opinion of the Court.
The possession of the plaintiffs on the tract of which the ground covered by the defendant’s mill-pond was part, by construction is regarded as possession of the whole, and there is no doubt that such a possession was enough to put the defendant to proof to justify his act. Indeed the ancestor of the plaintiffs had at one time the possession of a field on the eighty acre tract granted to Roberts, and cultivated it for many years; when he ceased the cultivation, did not appear. But there was no subsequent cultivation on the land by Johnson, or any one under him. The only thing which was done, was to flood the land with water. This was no pedis possessio, evidencing adverse right — it was merely an easement, not inconsistent with the title in another. Looking at these facts, there is no pretence that the plaintiffs’ possession, prima facie, was not enough for the maintenance of their action. When they, however, in addition to their posses *187 sion, showed the grant to Roberts, and the deed from Bates and. wife, purporting to convey that grant, they showed enough to defeat the adverse title set up by the defendant, under the junior grant. For that grant, for so much of the land as was covered by the grant to Roberts, was void. But all objections to the plaintiffs’ title were waived by the attempt of the defendant to show title under their ancestor. This he failed to do to the satisfaction of the jury, and it is now too late to say that the plaintiffs’ title was defective.
The whole Court concurred.

Motion dismissed.